IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT C. O'NEAL,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>AMERICAN  GENERAL  LIFE  )<br>COMPANIES, INC. and the UNITED  )<br>STATES LIFE INSURANCE COMPANY  )<br>IN THE CITY OF NEW YORK.,  )<br>)<br>Defendants. | 11-CV-914-WDS |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant United States Life Insurance Company in the City of New York's motion to dismiss plaintiff's second amended complaint for failure to exhaust administrative remedies (Doc. 26) to which plaintiff has filed a response (Doc. 32) and defendant a reply (Doc. 37).[1]

Plaintiff's single-count Second Amended Complaint (Doc. 25) seeks recovery for alleged violation of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*. for wrongful denial of disability benefits. Plaintiff, who is a 60 year old lawyer, was employed by the Rex Carr Law Firm, LLC from March of 2008 until January 1, 2009. The Carr

---

[1] The Court notes that plaintiff filed a motion to remand after removal, asserting several defects in removal, including that the court was without jurisdiction over the action as this is a state law claim, and not an ERISA claim, as alleged in the removal petition. Plaintiff now proceeds in his Second Amended Complaint under ERISA, thereby giving the Court original jurisdiction over this action. Accordingly, the motion to remand (Doc. 7) is **DENIED** as moot. The motion for an extension of time to file a response/reply (Doc. 13) is also **DENIED** as moot.

Law Firm had a disability policy issued by the United States Life Insurance Company (USL) which provided for benefits payable to plaintiff in the event of disability. In 2008 plaintiff was diagnosed with a wasting disease which has left him disabled. He filed a claim for disability under the USL plan and received a benefit of $6,000 per month until May of 2011 at which time plaintiff's benefit check was reduced by the amount of $2,209, the amount of Social Security Disability benefits plaintiff receives.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of the asserted claims. *See, Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *Id*. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But, merely conclusory statements, alone, are not sufficient. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570). Upon review the Court will construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in plaintiff's favor." *Tamayo v. Blagojevich*, 526 F.3d

1074, 1081(7th Cir. 2008) (*citing Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007)). Dismissal is appropriate if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570.  Defendant USL seeks dismissal of plaintiff's Second Amended Complaint on the grounds that plaintiff has failed to exhaust available administrative remedies before filing this cause of action.  Specifically, USL asserts that plaintiff initiated this action on August 11, 2011, but did not file his appeal of the disability claim until August 22, 2011.

  The Seventh Circuit recently held in *Schorsch v. Reliance Standard Life Ins., Co.,* 2012 WL 3667977 (7th Cir. Aug. 28, 2012) that "[a]lthough ERISA does not require administrative exhaustion as a prerequisite to suit, 'we have interpreted ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute.'" *Id.* at * 4 (*quoting Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 360 (7th Cir. 2011)). Further, "[t]he exhaustion requirement gives force to Congress's intent in establishing the administrative claims resolution process by serving the objectives noted above." *Schorsch*, at * 4. There is an exception, however, because "courts may excuse a failure to exhaust administrative remedies 'where there is a lack of meaningful access to review procedures, or where pursuing internal plan remedies would be futile.'" *Id.* at *4 (*quoting Edwards*, 639 F.3d at 361)).

  The record reveals that plaintiff received a letter on June 17, 2011, informing him of overpayment in his disability benefits from USL due to his SSD benefits.  The letter provided that if plaintiff wanted to appeal the decision, he had 180 days in which to file an appeal. Plaintiff first filed this removed action, and then, 11 days later filed his appeal with USL.  Clearly the appeal to USL was within the 180 day limitation, and the lawsuit was likely premature.  This is not, however,

a basis for granting the motion to dismiss.

Accordingly, the Court **DENIES** defendant United States Life Insurance Company in the City of New York's motion to dismiss (Doc. 26).  The Court further **DENIES** as moot plaintiff's motion to remand (Doc. 7) and defendant's motion for an extension of time (Doc. 13).

**IT IS SO ORDERED.**

DATE:  26 September, 2012

/s/  WILLIAM D. STIEHL
         DISTRICT JUDGE